IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | | |
|---|---|---|
| CANDY A. CUSTER, | ) | |
| | ) | Civil Action No. 5:05-cv-00007 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Candy A. Custer brings this action challenging the final decision of the Commissioner of Social Security denying Custer's claim for disability insurance benefits (DIB) and supplemental security income (SSI) payments under the Social Security Act. An Administrative Law Judge (ALJ) found that Custer is capable of performing simple, routine work with no production quotas and that there existed in the national economy a significant number of jobs she could perform. The Commissioner of Social Security adopted that opinion as her final decision. See 42 U.S.C. § 405 (g). The United States Magistrate Judge has filed a report pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the court reverse the decision and remand the case for further proceedings. The Commissioner contends that substantial evidence supports her determination that Custer is not disabled and has objected to the Magistrate Judge's report. Though the court does not adopt the Magistrate Judge's report in its entirety, the court does agree that a remand to the ALJ is in order.

Based on Custer's medical records, the ALJ ultimately found, among other things, that Custer suffers from the severe conditions of major depression, post-traumatic stress disorder, back pain, and fibromyalgia. Nevertheless, during Custer's hearing, the ALJ made no mention of

Custer's back condition or her fibromyalgia when posing hypothetical questions to a vocational expert (VE). See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (holding that VE testimony must be based on a hypothetical that "fairly set[s] out all of [the] claimant's impairments" in order to constitute substantial support). Moreover, the ALJ was far from clear when articulating Custer's functional residual capacity and when explaining what impact, if any, Custer's back condition and her fibromyalgia had on her functional residual capacity. Thus, the court remands the case to the ALJ for further consideration at "Step 5" of the 20 CFR §§ 404.1520, 416.920 sequential analysis consistent with this opinion.

ENTER: This 21st day of November 2005.

_____
UNITED STATES DISTRICT JUDGE

2